IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARK ANTHONY SEINA, REG. #13272-097, | ) ) ) | CIV. NO. 16-00051 LEK-KJM |
| Plaintiff, | ) ) ) ) | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND SUMMARY JUDGMENT |
| vs. | ) ) | |
| FEDERAL DETENTION CENTER-Honolulu, et al., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND SUMMARY JUDGMENT

Before the court is Defendant LaTunya Boyd's Motion to Dismiss and [for] Summary Judgment ("Motion"). ECF No. 52. Boyd seeks dismissal of this prisoner civil rights action for lack of subject matter jurisdiction and for pro se Plaintiff Mark Anthony Seina's alleged failure to exhaust required prison administrative remedies. Seina has filed an Opposition to the Motion, ECF No. 66, and Boyd has filed a Reply, ECF No. 75.

The Court elects to decide this matter without a hearing pursuant to LR7.2(d) and LR99.16.2(a) of the Local Rules for the District of Hawaii and Rule 78(b)

of the Federal Rules of Civil Procedure.  For the
following reasons, the Court GRANTS Defendant Boyd's
Motion to Dismiss and Summary Judgment.

## I.   **BACKGROUND**

Seina commenced this suit on February 3, 2016,
while he was incarcerated at the Federal Detention
Center-Honolulu ("FDC-Honolulu").[1]  Compl., ECF No. 1
(docketed Feb. 5, 2016).  Seina broadly alleged that
FDC-Honolulu officials were denying him appropriate
medical care for his pulmonary arterial hypertension
("PAH"), and also interfered with the practice of his
religion.

On March 7, 2016, the Court screened Seina's
Complaint pursuant to the Prison Litigation Reform Act
of 1995 ("PLRA"), dismissed it in part for failure to
state a claim, and granted leave to amend.  *See* Order,
ECF No. 18.  The Court found that Seina stated
cognizable Eighth Amendment claims in Counts I and VI

---

[1] As a prisoner, Seina's documents are deemed filed on the
date he signed and gave them to prison officials for mailing.
*See Houston v. Lack*, 487 U.S. 266 (1988); *Campbell v. Henry*, 614
F.3d 1056, 1059 (9th Cir. 2010).

against Defendants Blackmon, Simon, Smith, and Dayton in their individual capacities, but failed to state a claim under the Federal Tort Claims Act ("FTCA"), the Americans with Disabilities Act ("ADA"), the Religious Freedom and Restoration Act ("RFRA"), the First and Fifth Amendments, and in Counts II, III, IV, and V.

On March 21, 2016, Seina signed the First Amended Complaint ("FAC"); it was received and docketed the next day.  ECF No. 23.  The FAC contains considerably more detail than the original Complaint, including a new claim that allegedly occurred after Seina filed the original Complaint.  In Count II, Seina alleges Boyd failed to accommodate his PAH-related disability when she refused to provide a DVD player in Seina's housing unit so that he could watch yoga and meditation videos. *See id.*, PageID #174-76.

On May 19, 2016, the Court dismissed the FAC in part for failure to state a claim.  *See* Order, ECF No. 28.  Specifically, the Court dismissed Seina's claims against all natural Defendants named in their official capacities, the United States, the Department of

3

Justice ("DOJ"), the Bureau of Prisons ("BOP"), and FDC-Honolulu with prejudice.  *Id.*, PageID #238-39. Seina's First, Fifth, and Eighth Amendment[2] claims in Counts I, III, IV-VI were dismissed for failure to state a claim with leave to amend.  *Id.*, PageID #250-65.  Seina's allegations against Boyd in Count II, to the extent he alleges Boyd discriminated against him on the basis of his disability, were allowed to proceed. *Id.*, PageID #272-74.

Although Seina has since attempted to file amended complaints three times, *see* ECF Nos. 43, 54, 68, his motions were denied because the proposed amended complaints neither cured the noted deficiencies in the FAC, nor complied with local and federal rules of civil procedure.  *See* ECF Nos. 49, 58, and 74.  Seina's claim against Boyd in Count II of the FAC is therefore the only remaining claim at issue.

---

[2] The FAC's additional facts clarified that Dayton, Blackmon, Smith, and Simon did not act with deliberate indifference to Seina's serious medical needs; thus, he failed to state an Eighth Amendment claim against them.  *See* Order, ECF No. 28, PageID #245-50.

On May 18, 2016, Seina notified the Court that he would be released from FDC-Honolulu to TJ Mahoney, a private, non-profit residential reentry center ("RRC") that contracts with the BOP, until his expected supervised release on June 18, 2018. *See* ECF No. 29; http://www.mahoneyhale.com.

On or about June 20, 2016, Seina was arrested and returned to FDC-Honolulu. *See United States v. Seina*, Cr. No. 06-00470 HG, ECF Nos. 76-78.

On August 9, 2016, Boyd filed the present Motion seeking dismissal for lack of subject matter jurisdiction under the ADA and summary judgment for Seina's failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a).  ECF No. 52.

On October 31, 2016, Seina notified the court that he was released from FDC-Honolulu and is residing at Po`ailani, Inc., a residential treatment facility.  *See* http://www.poailani.org.

//

//

//

## II. <u>LEGAL STANDARDS</u>

### A.  Federal Rule of Civil Procedure 12(b)(1)

Boyd first raises a facial attack to jurisdiction under Rule 12(b)(1), asserting Seina's allegations under the ADA are insufficient on their face to invoke federal jurisdiction.  *See Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *Malama Makua v. Rumsfeld*, 136 F. Supp. 2d 1155, 1159 (D. Haw. 2001) (discussing differences between facial and factual attacks to jurisdiction); Fed. R. Civ. P. 12(b)(1).

In reviewing a facial attack, the court accepts the complaint's allegations as true and draws all reasonable inferences in the plaintiff's favor. *Bartholomew v. Burger King Corp.*, 21 F. Supp. 3d 1089, 1094 (D. Haw. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).  The court may not review extrinsic evidence when considering a facial attack. *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 (9th Cir. 2014).

Once subject matter jurisdiction is challenged, the burden of proof is on the party asserting jurisdiction. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009).  That is, the court presumes a lack of subject matter jurisdiction until the party asserting subject matter jurisdiction proves otherwise.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-78 (1994).

## B.  Federal Rule of Civil Procedure 56(a)

Boyd next asserts summary judgment is required because Seina failed to exhaust his available administrative remedies before he filed the FAC.  Lack of exhaustion should be raised in a summary judgment motion, unless the failure to exhaust is clear from the face of the complaint.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as

a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).  A court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. *See, e.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In the context of prisoner administrative exhaustion, the defendant bears the burden of proving a failure to exhaust. *See, e.g., Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005).  The defendant must show that an available administrative remedy existed and the prisoner failed to exhaust that remedy. *See, e.g., Panah v. Cal. Dep't of Corr. & Rehab.*, 2015 WL 1263494, at *4 (N.D. Cal. Mar. 19, 2015); *Meredith v. Ada Cty. Sheriff's Dep't*, 2014 WL 4793931, at *5 (D. Idaho Sept. 25, 2014).  The burden then shifts to the plaintiff to bring forth evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1173.

### III.   **DISCUSSION**

The allegations in Count II of the FAC constitute the operative complaint, which is considered "brought" for the purposes of this Order on March 21, 2016, when Seina signed it.  *See Cano*, 739 F.3d at 1220; 42 U.S.C. § 1997e(a).

### A.   **Subject Matter Jurisdiction**

Boyd correctly asserts that the Court lacks subject matter jurisdiction over Seina's claim against her, because the ADA applies only to state and local entities, not to the United States government, its agencies, or employees.  *See* 42 U.S.C. § 12131(1) (defining "public entity" as encompassing State and local governments); *see also Bosworth v. United States*, 2016 WL 4168852, at *3-4 (C.D. Cal. Aug. 5, 2016) (dismissing federal prisoner's ADA claim under 28 U.S.C. § 1915A(b) for failure to state a claim); *Beltran v. United States*, 2015 WL 7722414, at *5 (D. Or. Nov. 30, 2015) (same).  As such, Seina's ADA claims must be dismissed.

Seina argues the Court must liberally construe his claims as arising under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, which is the exclusive remedy for a federal inmate's disability claims against a federal prison and its employees. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (requiring courts to liberally construe pro se litigant's claims and grant leave to amend before dismissing claims or complaints with prejudice). Boyd counters that even construing Seina's claims as brought under the Rehabilitation Act, they must be dismissed.

Boyd is correct. To simply substitute the Rehabilitation Act for the ADA without requiring Seina to formally amend his pleadings would introduce more confusion into his already muddy pleadings and supply the essential allegation of subject matter jurisdiction where it has not been alleged. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (stating liberal construction does not require a court to supply essential elements of a pleading). Nor will the Court ignore Seina's explicit and repeated

invocation of the ADA as the only basis for
jurisdiction for his discrimination claims.

Normally, the Court would dismiss the FAC for lack
of subject matter jurisdiction and allow Seina to amend
to properly assert jurisdiction.[3]  Allowing Seina to
assert jurisdiction under the Rehabilitation Act,
however, is futile.  First, Seina may not assert
damages claims under Section 504, because the federal
government has not waived sovereign immunity with
respect to claims for monetary relief under Section
504.  *See Lane v. Pena*, 518 U.S. 187 (1996); *see* FAC,
ECF No. 23, PageID #188 (seeking compensatory and
punitive damages).  Thus, Seina's damages claims as
alleged under the Rehabilitation Act will be dismissed.

Second, Seina's claims for injunctive and
declaratory relief regarding events that occurred at
FDC-Honolulu, regardless of the basis for their
jurisdiction, must be dismissed as moot.  When a

---

[3] Seina would also be required to clarify the capacity in
which he names Boyd, because the Rehabilitation Act prohibits
individual capacity defendants, even when they are also named in
their official capacities.  *See Farmer v. Fed. Bureau of Prisons*,
2015 WL 1439871, at *5-6 (E.D.N.Y. Mar. 27, 2015).

plaintiff lacks a legally cognizable interest in the outcome of an action, the case is moot and the Court lacks subject matter jurisdiction under Article III of the Constitution. *See* U.S. Const. art. III, § 2, cl. 1; *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (per curiam) (requiring "a justiciable case or controversy . . . remain extant at all stages of review").

Seina's recent release from FDC-Honolulu has rendered his claims for injunctive and declaratory relief concerning the conditions of his confinement at FDC-Honolulu moot. *See Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012). In *Alvarez*, the court dismissed the action because money damages were not available to an inmate under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), and the inmate's release mooted his claims for injunctive and declaratory relief. 667 F.3d at 1064 (citing *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (discussing dismissing claims for injunctive relief upon inmate's transfer) and *Rhodes v. Stewart*, 488 U.S.

1, 2-4 (1988) (per curiam)(dismissing claims for declaratory relief upon transfer)).  Here, Seina's damages claims are prohibited under the Rehabilitation Act and he has no legally cognizable interest in injunctive or declaratory relief against FDC-Honolulu officials since his release.  Seina's claims, whether alleged under the ADA or the Rehabilitation Act, must be dismissed.

Finally, as discussed below, Seina's claims against Boyd must be dismissed as unexhausted regardless of his assertion of jurisdiction.

## B.   42 U.S.C. § 1997e(a): Exhaustion

"The [PLRA] mandates that an inmate exhaust 'such administrative remedies as are available' *before bringing suit* to challenge prison conditions." *Ross v. Blake*, 136 S. Ct. 1850, 1854-55 (2016) (emphasis added) (quoting 42 U.S.C. § 1997e(a)).  "There is no question that exhaustion is mandatory under the PLRA[.]" *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citation omitted) (cited with approval in *Ross*, 136 S. Ct. at 1856). Requiring exhaustion allows prison officials "an

13

opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones*, 549 U.S. at 204.

The "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims." *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). Thus, "a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation." *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam). Nor is a prisoner entitled to a stay of the proceedings to satisfy exhaustion. *Id.* at 1200–01.

An inmate may, however, add new claims in an amended complaint, whether those claims occurred before or after filing the original complaint, as long as the newly added claims are exhausted before filing the amended complaint. *See Cano v. Taylor*, 739 F.3d 1214, 1220–21 (9th Cir. 2014) (allowing claims that occurred before filing original complaint to be added via amendment if they are fully exhausted); *Akhtar v. Mesa*, 698 F.3d 1202, 1210 (9th Cir. 2012) (allowing claims

14

arising after filing action to be brought in an amended complaint if they are exhausted).

Regardless of the relief sought, a prisoner must pursue an appeal through all levels of a prison's grievance process as long as some remedy remains available.  "The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" *Ross*, 136 S. Ct. at 1862. (citing *Booth v. Churner*, 532 U.S. 731, 738 (2001)).  That is, "an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'"  *Id.* at 1859; *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

### 1.  *BOP Administrative Grievance Program*

The BOP has a four-step administrative remedy procedure by which an inmate can seek review of a complaint regarding any aspect of his imprisonment.  28 C.F.R. §§ 542.10-542.19.  The procedure provides for: (1) informal resolution by submitting "an issue of

concern informally to staff," *see* 28 C.F.R. § 542.13;[4]

(2) a formal written administrative request submitted

to the Warden (BP-9), *see* 28 C.F.R. § 542.14; (3) an

appeal to the Regional Director (BP-10), *see* 28 C.F.R.

§ 542.15(a); and (4) an appeal to the Office of the

General Counsel, located in Washington, D.C. (BP-11),

*see id.* Each level is completed when the inmate's

filing is accepted and receives a response.[5]

The Warden has twenty days in which to respond to a

BP-9; the Regional Director has thirty days to respond

to a BP-10; and the General Counsel has forty days in

which to respond to a BP-11 appeal.[6] *See id.*

Administrative exhaustion is complete when the Central

Office rules on the inmate's final appeal.  *Id.*  If the

---

[4] Seina refers to this informal step as a "BP8.5."  *See* e.g., FAC, ECF No. 23, PageID #173-4 ("plaintiff needs to obtain Bp8.5 (informal grievance form) from counselor.")

[5] An inmate's filing may be rejected for failure to comply with procedural requirements.  *See* 28 C.F.R. § 542.17(a).  If a filing is rejected, the inmate should receive written notice explaining the reason for the rejection, and, if correctable, the inmate is given additional time to correct the issue.  *See* 28 C.F.R. § 542.17(b).

[6] If an inmate is given written notice, there may be an extension of time for the authority to respond at each level of appeal.  *See* 28 C.F.R. § 542.18.

inmate does not receive a response at any level it may be considered a denial and that level of appeal is completed.  *See* 28 C.F.R. § 542.18.

### 2.  *DOJ Administrative Exhaustion*

If a federal inmate remains unsatisfied after completing the BOP's administrative remedy process, he or she must utilize the DOJ administrative procedure before initiating suit under the Rehabilitation Act. *See* 28 C.F.R. § 39.170(d)(1)(ii).  To comply with this secondary process, a prisoner must file a complaint within 180 days of the BOP's General Counsel's final administrative decision (or the expiration of time to receive such decision).  28 C.F.R. § 39.170(d)(3).  The DOJ's Equal Employment Opportunity ("EEO") Office then has 180 days to "complete investigation of the complaint, attempt informal resolution, and, if no informal resolution is achieved, issue a letter of findings."  28 C.F.R. § 39.170(g)(1).  The inmate may then request a hearing and appeal the letter of findings.  28 C.F.R. § 39.170(i).  The process is

complete after the Complaint Adjudication Officer issues a final decision.  28 C.F.R. § 39.170(1).

### 3.  *Seina Has Not Exhausted His Claims*

Boyd submits copies of the six formal grievances Seina pursued while he was incarcerated at FDC-Honolulu before his initial release on May 20, 2016.  *See* ECF No. 53-2 (Grievance Nos. 847012; 847537; 850006; 849317; 851227, 858487); *see also* ECF No. 66, Exs. B1-B6.  Seina also attached twenty-two pages of exhibits to the FAC to support his contention that he complied with the PLRA exhaustion requirements.[7]  *See* ECF No. 23-1 ("Exhaustion of Prison Remedy [PLRA Compliance]").  Finally, in his Opposition Seina provides copies of the BOP's responses to his grievances.  *See* Opp'n, ECF No. 66, PageID #472-77.  Boyd clearly establishes that (1) FDC-Honolulu has a generally available grievance system for inmates to challenge conditions of confinement, and (2) Seina was aware of and utilized that system.  *See*

---

[7] Seina was not required to allege exhaustion in the FAC, *see Jones*, 549 U.S. at 204, but having done so, the Court will not ignore exhibits he placed in the record.  *Id.*

18

Vickers Decl., ECF No. 53-1; Def's. Exs., ECF Nos. 53-2, 53-3.

To bear his burden, Seina must show that something particular to his case "made the existing and generally available administrative remedies effectively unavailable." *Albino*, 747 F.3d at 1173.  That is, he must demonstrate that (1) the "administrative procedure. . . operates as a simple dead end -- with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme . . .[is] so opaque that it becomes, practically speaking, incapable of use . . . so that no ordinary prisoner can make sense of what it demands;" or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 136 S. Ct. at 1859-60 (citations omitted). Failing this, the mandatory language of 42 U.S.C. § 1997e(a) "foreclose[es] judicial discretion," and "a court may not excuse a failure to exhaust, even to take

[special] circumstances into account." *Id.*, at 1856-57.

First, Seina filed the FAC just *one week* after he alleges Boyd denied him accommodations for his disability. It is therefore impossible for him to have administratively exhausted his claim *before* he filed the FAC. *See Akhtar*, 698 F.3d 1210 (requiring full exhaustion of new claims brought in an amended complaint).

Second, although Seina submitted several formal and informal grievances beginning in December 2015, only two, Nos. 848537 and 851227, were fully exhausted through the final BP-11 level. *See* ECF No. 53-2, PageID #385-89. Grievance No. 848537 was initiated on January 14, 2016 and formally rejected on May 12, 2016. Grievance No. 851227 was initiated on February 9, 2016 and formally rejected on April 5, 2016. These grievances could not have put prison officials on notice of Seina's claims against Boyd because they were commenced weeks *before* Boyd allegedly discriminated

against him, and neither grievance was exhausted when Seina filed the FAC on March 21, 2016.

Third, Seina concedes that he raised his allegations regarding Boyd's alleged discrimination in grievance No. 858487 on April 21, 2016, approximately one month after filing the FAC. *See* ECF No. 53-2, PageID #389. He argues that the BOP's failure to ensure he received a response to his level two, BP-10 appeal after he transferred to TJ Mahoney, interfered with his ability to fully exhaust this claim. Seina says that he submitted a BP-11 appeal on or about June 10, 2016. *See* Pl. Opp'n, ECF No. 66, PageID #455 (stating, "on June 8 2016 Plaintiff had to utilize an old BP11 which he sent to Central Office"). Even accepting this as true, Seina's claim against Boyd cannot be considered exhausted until a minimum of forty additional days passed to allow the Office of the General Counsel to respond. *See* 28 C.F.R. § 542.15(a).

Finally, Seina's claim that he completed the DOJ's EEO process by sending letters to the DOJ Civil Rights Division and Office of the Inspector General is

immaterial.  Neither letter was sent *after* Seina
completed the BOP administrative exhaustion process as
required.  *See* 28 C.F.R. 170(d)(1)(iii).

Seina fails to show that FDC-Honolulu's
administrative procedure was a "dead end," or that he
could not understand what was required to fully exhaust
a grievance, or that any prison official intentionally
thwarted his attempts to use the system "through
machination, misrepresentation, or intimidation."
*Ross*, 136 S. Ct. at 1860.  The Court cannot excuse
Seina's failure to exhaust his claims against Boyd
before he filed the FAC and they are DISMISSED.

## IV.   CONCLUSION

Defendant Boyd's Motion to Dismiss and [for]
Summary Judgment is GRANTED.  All pending motions are
DISMISSED as moot.  The Clerk is instructed to enter
judgment and terminate this action.

//

//

//

DATED AT HONOLULU, HAWAII, November 15, 2016.



      /s/ Leslie E. Kobayashi
      Leslie E. Kobayashi
      United States District Judge

*Seina v. FDC-Honolulu,* 1:16-cv-00051 LEK; EXH 2016 Seina (dsm MSJ)